**In re Nina Ruth SMITH, Debtor.**

**Dan Nelson, Chapter 7 Trustee, Plaintiff,**

v.

**Nina Ruth Smith and Vanderbilt Mortgage and Finance Co. Defendants.**

**Bankruptcy No. 99–60739.**
**Adversary No. 99–6076.**

United States Bankruptcy Court, W.D. Missouri, Southern Division.

Feb. 8, 2000.

---

11. *In re Fulmer–Vaught,* 218 B.R. 56, 58 (Bankr.W.D.Mo.1998).

12. Doc. # 7, Ex. B.

Danny R. Nelson, Lathrop & Gage, Springfield, MO, for Plaintiff.

John P. Lukachick, Tuck & Lukachick, Springfield, MO, for Vanderbilt Mortgage and Finance Co., Connie Montgomery, Smith, Montgomery & Suhr P.C., Springfield, MO, for Defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 7 trustee filed this adversary proceeding seeking turnover of a 1995 Oakwood manufactured home, VIN# HOTX86016CK3 (the Oakwood) on the grounds that creditor Vanderbilt Mortgage and Finance Co. (Vanderbilt) never properly perfected its lien on the Certificate of Title. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (K) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUES PRESENTED

1. Debtor Nina Smith surrendered the Oakwood prepetition, but she is still noted as the owner on the Certificate of Title. The Bankruptcy Code provides that the bankruptcy estate is comprised of all property in which the debtor has a legal or equitable interest. Is Ms. Smith's interest in the surrendered Oakwood sufficient to make it property of the bankruptcy estate?

2. Ms. Smith purchased the Oakwood from Springfield Farms, pursuant to a Retail Installment Contract–Security Agreement (the Contract). Springfield Farms assigned the Contract to Vanderbilt. Vanderbilt filled out the Application for Missouri Title and License (the Application) and checked the box that stated there was no lien on the Oakwood. The Missouri Department of Revenue mailed the Certificate of Title to Vanderbilt, but did not note a lien on the title. In Missouri, a security interest in a manufactured home can only be perfected by noting it on the Certificate of Title. Did this error prevent perfection of the lien?

## DECISION

1. Ms. Smith is still the owner of record of the Oakwood, therefore, it is property of the bankruptcy estate subject to the debtor's claims of exemption, and the claims of perfected, secured creditors.

2. Vanderbilt did not properly perfect its lien in the Oakwood prepetition by noting same on the Certificate of Title, therefore, its lien is subject to avoidance by the Chapter 7 trustee.

## FACTUAL BACKGROUND

On May 20, 1997, Ms. Smith executed the Contract with Springfield Farms for the purchase of the Oakwood for the sum of $41,280.63.[1] On July 15, 1997, the Missouri Department of Revenue (MODOR) received the Application for the issuance of the Certificate of Title.[2] The Application contains a section that requires a yes or no answer to the question "is the vehicle subject to a lien?" The "no" box was marked. The Application also has a box to be checked to verify the mailing address if there is no lien on the vehicle. That box is, likewise, checked and Vanderbilt's name and address are typed in the space referenced. As a result of this response, MODOR issued a Certificate of Title and mailed it to Vanderbilt. The title does not, however, list Vanderbilt as a lienholder.[3] Ms. Smith surrendered the Oakwood before she filed this Chapter 7 bankruptcy petition on May 3, 1999. She disclaims any interest in the Oakwood, and counsel for Ms. Smith represented that she would turn over any interest she might still possesses to either Vanderbilt or the trustee, as directed by the Court.

The trustee claims that the Oakwood is an asset of the bankruptcy estate, and, since, Vanderbilt failed to perfect its lien as to the Oakwood pre-petition, it has nothing more than an unsecured claim against the estate.

Vanderbilt's attorney argues that the failure to note Vanderbilt as a lienholder on the Application was a scrivener's error, and that Vanderbilt, therefore, has an equitable lien as to the Oakwood.

This Court held a hearing on January 27, 2000. At the hearing the parties filed a Joint Pre–Trial Statement in which they agreed that the outstanding balance remaining on the Oakwood is in excess of $41,000, while the fair market value of the Oakwood is $29,414.

## DISCUSSION

Vanderbilt argues that it has an equitable lien on the Oakwood. The issues, however, in this adversary proceeding are (1) whether Ms. Smith has an interest in the Oakwood sufficient to make it an asset of the bankruptcy estate; and (2) whether Vanderbilt's lien, be it equitable or legal in nature, is perfected.

▮ Section 541 of the Bankruptcy Code (the Code) provides that the mere filing of the bankruptcy petition creates an estate that automatically contains all property in which the debtor holds a legal or equitable interest:

(a) The commencement of a case under section 301 ... of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsection (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[4]

Despite the fact that Ms. Smith had surrendered the Oakwood, the Certificate of Title lists her as the lawful owner of the Oakwood.[5] Accordingly, the Oakwood is

1. Doc. # 11, Ex. B (Joint Pretrial Statement).

2. *Id.,* Ex. C.

3. *Id.,* Ex. A.

4. 11 U.S.C. § 541(a)(1).

5. Doc. # 11, Ex. A.

property in which Ms. Smith holds a legal interest, therefore, I find it is property of the estate.

█ As to the second issue, there is no dispute that Vanderbilt is a secured creditor in this bankruptcy case. The Contract clearly states that Ms. Smith granted Springfield Farms, and its assignee Vanderbilt, a purchase money security interest in the Oakwood.[6] The only issue is whether Vanderbilt properly perfected its security interest so that its claim to the Oakwood is superior to that of the trustee. The perfection of a lien on a manufactured home is governed by section 700.350 of Missouri's Revised Statutes, which requires notation of the lien on a certificate of ownership:

> 3. A lien or encumbrance on a manufactured home is perfected by the delivery to the director of revenue, by the owner, of the existing certificate of ownership, if any, an application for a certificate of ownership containing the name and address of the lienholder and the date of his security agreement, and the required certificate of ownership fee. Such lien or encumbrance shall be perfected as of the time of its creation if the delivery of the items required in this subsection to the director of revenue is completed within thirty days thereafter, otherwise such lien or encumbrance shall be perfected as of the time of delivery.[7]

The Application failed to note Vanderbilt as a lienholder, therefore, Vanderbilt was not listed on the Certificate of Title as a lienholder. The creation of a security interest in a manufactured home is governed by Article 9 of Missouri's Uniform Commercial Code,[8] however, the perfection of that security interest is governed by section 700.350 of Missouri's Revised Statutes. At the hearing Vanderbilt cited *Ford Motor Credit Company v. Pedersen*[9] for the premise that a mistake in the Application that results in MODOR's failure to note a lien on the Certificate of Title will not defeat the perfection of the lien, even if a subsequent bona fide purchaser acquires the collateral. The facts in *Ford Motor Credit Company v. Pedersen* are distinguishable, however, from the facts in this case. First, *Ford Motor Credit Company v. Pedersen* is not a bankruptcy case involving a trustee with avoiding powers. Second, Ford Motor Credit Company did submit to MODOR the lien perfection copy of the Application, attesting to the fact that the vehicle was subject to a lien, and that Ford Motor Credit Company was the holder of that lien.[10] But the purchaser of the vehicle never sent in her title application, or paid the sales tax due. Instead, she defaulted. The vehicle was towed by order of the police for outstanding parking fines by the previous owner. The police department ran a title check with MODOR that disclosed no liens on the vehicle. It was eventually sold to Pederson and financed by Florissant Bank.[11] The court relied upon the plain language of the perfection statute to find that Ford Motor Credit Company did everything the statute required of it. It sent in an application and declared itself the lienholder. The error lay with MODOR for failing to notify the police of the lien perfection copy of the application that disclosed Ford Motor Credit Company as the lien holder.[12] That is not what happened in this case. In order to perfect a lien on a manufactured home, the lienholder must clearly identify itself on the application.[13] Vanderbilt in-

---

6.  *Id.,* Ex. B.

7.  Mo. Stat. Ann. § 700.350(Supp.2000).

8.  *See e.g., Bradley v. K & E Investments, Inc.,* 847 S.W.2d 915 (Mo.Ct.App.1993); *Shelton v. Erwin,* 472 F.2d 1118 (8th Cir.1973).

9.  575 S.W.2d 916 (Mo.Ct.App.1978).

10.  *Id.* at 918.

11.  *Id.*

12.  *Id.* at 918–19.

13.  *See* Mo. Stat. Ann. § 700.350(3) (1988).

 

correctly marked the Application in two separate areas to indicate it did not have a lien on the Oakwood. MODOR issued a Certificate of Title that correctly transferred the information contained in the Application. Moreover, MODOR mailed the Certificate of Title to Vanderbilt, as the Application instructed it to do. Vanderbilt has possessed the Certificate of Title since September of 1997,[14] yet it made no effort to have its lien noted on that Certificate. Unlike Ford Motor Credit Company, Vanderbilt failed to perform the tasks required of it in order to perfect its lien. I, therefore, find that Vanderbilt had a valid, but not perfected, lien on the Oakwood prepetition.

■ There are specific Code provisions that govern the priority of perfected and unperfected creditors. The bankruptcy trustee has, as of the commencement of the case, the rights and powers of a hypothetical judicial lien creditor:

> (A) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
>> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.[15]

Thus, the trustee is deemed to have a lien on all lienable property of the debtor. The hypothetical lien is inferior to any existing perfected lien at the time the petition is filed, and the hypothetical lien is superior to any unperfected lien.[16] Under this provision of the Code, the trustee has the power to avoid any lien that is unperfected on the date the petition is filed. Vanderbilt's lien was not properly perfected on the petition date, therefore, I will enter judgment in favor of the trustee for turnover of the Oakwood or of the sum of $29,414. Vanderbilt is then entitled to file a proof of claim as a general unsecured creditor in this case in the allowed amount of the balance remaining on the Contract.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

14. Doc. # 11, Ex. A.

15. 11 U.S.C. § 544(a)(1).

16. *Rouse v. Chase Manhattan Bank, U.S.A., N.A. (In re Brown)*, 226 B.R. 39, 45 (W.D.Mo. 1998).