**In re Karl GERWER, Debtor,**

**Marsha L. AUSTEIN; Philip L. Borofka; Jose Hong Tai; Lo Lan Hong Tai; David Cassit; Elana Cassit; William Miller; Isadore Danchik; Pension Trust; Maryann McCampbell; Melisa McCampbell; Maimonides Research Foundation; Gussie Miller; Lois Rosenfeld, Appellants,**

v.

**Barry J. SCHWARTZ, Chapter 7 Trustee, Appellee.**

**In re Karl GERWER.**

**Peter G. NESS; Betty E. Ness, Plaintiffs–Appellees,**

v.

**Karl GERWER; Barry J. Schwartz, Chapter 7 Trustee, Defendants,**

and

**Marsha L. Austein; Philip L. Borofka; Jose Hong Tai; Lo Lan Hong Tai, et al., Defendants–Appellants.**

**Nos. 88–6317, 89–55533.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1990.

Decided March 13, 1990.

Leon L. Vickman, Encino, Cal., for appellant Austein.

Barry J. Schwartz, Dumas & Taron, Los Angeles, Cal., and Ira Benjamin Katz, Weiss & Katz, A Professional Corporation, Los Angeles, Cal., for Barry J. Schwartz, Chapter 7 Trustee, defendant-appellee.

Edythe L. Bronston, Cox, Castle & Nicholson, Los Angeles, Cal., for plaintiffs-appellees Ness.

Appeals from the United States District Court for the Central District of California, A. Wallace Tashima and William J. Rea, District Judges, Presiding.

Before FARRIS, BOOCHEVER and NOONAN, Circuit Judges.

## OPINION

NOONAN, Circuit Judge:

We consolidate two bankruptcy cases. The central issue is one expressly left open in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 207 n. 14, 103 S.Ct. 2309, 2314 n. 14, 76 L.Ed.2d 515 (1983): whether in a liquidation, as distinguished from a reorganization, the trustee has power to obtain turnover of property from a secured creditor in possession of the property prior to any default.

### No. 88-6317

Karl Gerwer, the debtor in this Chapter 7 proceeding, was designated as payee of two notes, the Saticoy Note and the Chatsworth Note, secured by deeds of trust on real estate. Gerwer was the general partner of partnerships which had sold two parcels of real property for which the notes and deeds of trust were received. Prior to the bankruptcy, Gerwer obtained a personal loan and as security pledged the partnership notes and deeds to Bonded Home Loan, Inc., which in turn had assigned them to the Austein group (Austein). The dispute focuses on these financial instruments.

The trustee in bankruptcy (the Trustee) and Austein stipulated that as of September 6, 1986 Gerwer had been in default on one note and as of January 19, 1987 in default on the other. The Trustee did not cure the defaults, but before Austein had foreclosed, the Trustee moved to sell the notes and deeds free and clear of liens.

On October 26, 1987 the bankruptcy court granted the Trustee's motion, directing that the notes should be sold and the proceeds placed in a blocked account. On July 5, 1988 the district court affirmed the order of the bankruptcy court. Austein appealed.

### No. 89-55533

The second case was begun in March 1989 on behalf of Peter and Betty Ness, the makers of the Saticoy Note pledged by Gerwer. The Nesses wanted to sell property which was security for the note and to do so offered to pay off the note, providing that Austein returned to them the note and deed. The bankruptcy court agreed to this procedure, with Austein's lien attached to the proceeds. Austein did not seek a stay. The note and deed were surrendered by Austein and paid off by the Nesses. The proceeds were deposited in a blocked account, designated as being in the constructive possession of the Trustee and Austein. Austein appealed.

## ANALYSIS

█ In bankruptcy the estate "is comprised of all the following property, wherever located and by whomever held: ... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The statute was amended in 1984 to add the words "and by whomever held" after "wherever located." Exceptions to this sweeping language are carefully enumerated in subsections (b), (c)(2), and (d). The express enumeration indicates that other exceptions should not be implied.

█ Until foreclosure the debtor had the power to regain the notes and deeds by paying off his debts to Austein. Cal.Com. Code § 9506. In short, he held a form of equitable interest in the property. We have already held that a "pre-foreclosure right to redeem the entire note" is "an independent property right" that becomes "part of the bankruptcy estate under 11 U.S.C. § 541." *Harsh Inv. Corp. v. Bialac, (In re Bialac)*, 712 F.2d 426, 430 (9th Cir.1983). It is an interest that is not reached by any of the section 541 exceptions. The 1984 amendment adding "by

whomever held" reinforces the broad language that speaks of "all legal or equitable interests of the debtor." There can be no doubt that the debtor here—either personally or as a general partner in the partnership—did have an interest in the equity of redemption in the notes and deeds and that therefore that equitable interest in the notes and deeds was property falling within the jurisdiction of the bankruptcy court. *Dewhirst v. Citibank, (In re Contractors Equip. Supply Co.)*, 861 F.2d 241 (9th Cir. 1988).

 Austein makes the argument that under 11 U.S.C. § 108(b) the Trustee had only 60 days in which to cure the debtor's prepetition defaults. But that argument supposes that Austein had successfully foreclosed on the property. Austein failed to extinguish the equity of redemption in accordance with state law. The property remained in the estate.

Austein asks why the Trustee is given the right under 11 U.S.C. § 108(b) to cure a default if the Trustee "can simply grab the property." The answer is that the Trustee has been given more than one option and that the Trustee cannot "simply grab the property." Only if the conditions set by statute are met may the Trustee compel the turnover.

 11 U.S.C. § 363 empowers the Trustee to deal with negotiable instruments and documents of title in the estate "in which the estate and an entity other than the estate have an interest." Subsection (f) permits the Trustee to sell such property free and clear under two conditions that are relevant here: the first is that under (f)(3) the interest of the entity "is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property." The Chatsworth Note is to be disposed of under this provision.

The other relevant circumstance, provided by subsection (f)(4), is that the interest "is in bona fide dispute." The district court found as a fact that such a dispute did exist as to the validity of both liens because of evidence suggesting that not Gerwer but his partnership had authority to make the pledge and Austein's assignor was on notice of the defect. In so doing the district court was not clearly erroneous.

Austein argues that the bona fide dispute must be between the debtor or the trustee of his estate and the lienholder. But if the outcome of the dispute over the interest will affect the value of the estate the statutory language is sufficient to embrace the interest. On their face, the notes and deeds of trust are in favor of Karl Gerwer. Austein, however, argues that the notes and deeds are not of value to Gerwer's estate. The dispute exists between Austein and Gerwer's partnership which claims Gerwer had no authority to pledge. Either Austein will get the proceeds or the partnership will; the estate is no more than a stakeholder. In response to this argument, the bankruptcy court observed that if Austein was allowed to foreclose its lien and be paid in full, the partnership might prove a claim against the estate that would reduce the estate, "so there is a definite interest on the part of the estate." Subsection (f)(4), therefore, applies.

Under section 363(e), the district court had the duty of safeguarding the lienholder's interest. It did so by blocking the account in which the proceeds were to be deposited. We conclude that the powers conferred on the Trustee under section 363 were properly exercised.

In furtherance of his section 363 powers the Trustee is empowered under section 542 to require the delivery of property that the Trustee may use, lease or sell under section 363. The only exception applicable in this case is for property "of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). The determination by the bankruptcy court that the property is of "definite interest" to the estate is not clearly erroneous. The exception does not apply.

 Austein points out that in *Whiting Pools* the Supreme Court refrained from deciding the question now before us and emphasized that the turnover provisions of section 542 were particularly useful in ef-

fecting a reorganization. 462 U.S. at 203–04, 103 S.Ct. at 2312–13. Clearly, the Supreme Court did not want to decide a case that was not in front of it. The Court's circumspect avoidance of the issue has been construed as though the Court had decided it adversely to the power of the Trustee, *see* 4 *Collier on Bankruptcy* ¶ 541.08[9] (L. King 15th ed. 1989), which Austein invokes. Citing *Whiting Pools,* the treatise says that no turnover from a pledgee should be permitted because "the estate has no present possessory interest." *Id.* at 541–57. But the turnover power cannot depend on who is in possession: the Internal Revenue Service, the creditor who was in possession in *Whiting Pools,* was forced to disgorge. An equitable interest is indeed normally not possessory. There is no requirement under section 542 "that the debtor hold a possessory interest." *Whiting Pools,* 462 U.S. at 206, 103 S.Ct. at 2314.

And we see no compelling reason to limit sections 363 and 542 to a case of reorganization. Section 541 comprehensively puts within the estate all the property of the debtor whether reduced to possession or not and whether the estate of the debtor is being reorganized or liquidated. Section 363 is tied to this definition of the estate. The Trustee's power under section 542 to obtain turnover does encroach upon the expectations of a lienholder. But if the statutory power was intended to be invoked only in a reorganization, words of limitation were essential. As written, the statute speaks to the power of a trustee whether the debtor's estate is in reorganization or liquidation.

A number of lesser issues are raised by Austein. It argues that the turnover and sale were not core proceedings. But 28 U.S.C. § 157(b)(2)(E) defines a turnover order as a core proceeding and 28 U.S.C. § 157(b)(2)(N) defines a sale order as a core proceeding. Austein contends that Bankruptcy Rule 7001 requires an adversary proceeding to recover property or to determine the validity of a lien and that therefore the Trustee erroneously proceeded by motion. But Austein was not harmed by the bankruptcy court proceeding under Bankruptcy Rule 6004(c), which governs motions for a sale free of liens, because this rule requires the observance of Bankruptcy Rule 9014, a catch all governing "contested matters." Austein argues that California law does not permit the sale of pledged notes unless they are redeemed. But the power exercised by the bankruptcy court depends on the federal law embodied in section 363. Austein argues that a stipulation entered into with the Trustee preserved its right to foreclose. But the district court found the stipulation ambiguous and was not clearly in error in so finding. Austein's challenge to the evidence as to the validity of its liens mistakenly invokes the parol evidence rule and the Statute of Frauds.

The judgment in 88–6317 is AFFIRMED.

In 89–55533 Austein appealed but now declares that the appeal has no relevance to the Nesses. Austein seeks only the proceeds of the Saticoy Note held in the constructive possession of Austein and the trustee. The Nesses began the case and are satisfied with the district court's order. Accordingly, there is no case or controversy between Austein and the Nesses, the case is moot, and we have no jurisdiction over the appeal in no. 89–55533. *Onouli–Kona Land Co. v. Estate of Richards (In re Onouli–Kona Land Co.),* 846 F.2d 1170, 1172 (9th Cir.1988). The appeal in 89–55533 is DISMISSED AS MOOT.