# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

———

No. 03-6039EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Gaylord Grain L.L.C., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Union Planters Bank, N.A., | * | |
| | * | |
| Creditor-Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Eastern District of Missouri |
| | * | |
| Rice P. Burns, Jr., | * | |
| | * | |
| Trustee-Appellee. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

———

Submitted: February 25, 2004
Filed: March 9, 2004

———

Before KRESSEL, Chief Judge, DREHER and VENTERS, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

Union Planters Bank, N.A. appeals from an order of the bankruptcy court[1] granting the trustee's motion to sell two vehicles free and clear of the bank's security interest. Because we conclude that the bankruptcy court correctly granted the motion, we affirm.

## BACKGROUND

On August 12, 1999, the bank executed a Commercial Security Agreement with the debtor, Gaylord Grain, LLP, in the amount of $250,000, listing as collateral all equipment, farm products, livestock and farm equipment. On August 16, 1999, the bank filed a UCC Form No. 1 with the Bloomfield, Missouri Recorder of Deeds and listed all equipment, farm products, livestock and farm equipment as covered property. On August 20, 1999, the bank filed a UCC Form No. 1 with the Missouri Secretary of State and listed in part all equipment, farm products, livestock and farm equipment as covered property.

On August 21, 2002, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. On May 7, 2003, the trustee filed his motion seeking authority to sell personal property free and clear of liens. The bank objected, asserting a lien in the two items which the trustee sought to sell: a 1984 Mack Tractor and a 1986 Timpte Trailer. The bank believes it is entitled to the proceeds from the sale of these two items. On June 24, 2003, the bankruptcy court granted the trustee's motion. The bank appeals.

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact, whether based upon oral or documentary evidence, for clear error, and its legal conclusions are reviewed *de novo*. Fed. R. Bankr. P. 8013; *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997).

## TIMELINESS

The trustee has raised the issue of the timeliness of the appellant's notice of appeal. The trustee concedes that the notice of appeal was timely filed, but argues that the notice of appeal was not accompanied by the requisite filing fee which was not paid until later, thereby rendering the notice of appeal untimely. However, the record supports a determination that the fee was paid with the notice and we also note that the clerk of bankruptcy court's docket, at entry number 51, specifically indicates a notice of appeal filed on July 7, 2003, with a notation that the filing fee has been paid. We conclude that the notice of appeal was timely.

## MOOTNESS

The trustee filed a motion to dismiss this appeal, arguing that the sale of the tractor and the trailer renders the appeal moot. We disagree. In *Forbes v. Forbes (In re Forbes),* 215 B.R. 183, 192-194 (B.A.P. 8th Cir. 1997), we defined the mootness doctrine as a statutorily and judicially created finality rule based upon "the occurrence of events which prevent an appellate court from granting effective relief...." *Id.* at 193. In *Blackwell v. Lurie (In re Popkin v. Stern*), 234 B.R. 724, 727 (B.A.P. 8th Cir. 1999), *rev'd on other grounds*, 223 F.3d 764(8th Cir. 2000), we held that property sold at an execution sale by the liquidating trustee did not moot the appeal, because the proceeds from the sale could be paid to the appellant if it was found that the

bankruptcy court erred.[2] The Eighth Circuit agreed with us on the mootness issue. 223 F.3d 764, 766, n. 2. Similarly in this case, a finding that the bankruptcy court erred on the issue of perfection would allow the proceeds from the sale of the trailer and the tractor to be paid to the bank.

## BONA FIDE DISPUTE

11 U.S.C. § 363(f)(4) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if ...
> (4) such interest is in bona fide dispute.

In this case, the trustee did not file an adversary proceeding seeking to avoid the creditor's liens before he sought to sell the property free and clear of interests. Thus, the issue becomes whether there is a "bona fide dispute" for purposes of 11 U.S.C. § 363(f)(4).

The term "bona fide dispute" is not defined in 11 U.S.C. § 363 (f)(4). However, many courts, including the Seventh Circuit Court of Appeals, have stated that courts must determine "whether there is an objective basis for either a factual or legal dispute as to the validity of the debt." *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987); *In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991). Clearly this standard does not require the court to resolve the underlying dispute, just to determine its existence. *Id*. Courts utilizing this definition have held the parties to an evidentiary standard and evidence must be provided to show factual grounds that there is an "objective basis" for the dispute. *Id*.

---

[2]In fact, that is exactly what happened. The appellants succeeded in having the bankruptcy court's order reversed and the sale proceeds were paid to them.

Moreover, courts have recognized that to qualify as a "bona fide dispute" under § 363(f)(4), the propriety of the lien does not have to be the subject of an immediate or concurrent adversary proceeding. *See In re Collins*, 180 B.R. 447, 452, n.8 (Bankr. E.D. Vir. 1995) (citing *In re Oneida Lake Dev., Inc.*, 114 B.R. 352, 358 (Bankr. N.D.N.Y. 1990) (stating that § 363(f)(4) is satisfied even though the debtor has not filed an adversary proceeding seeking to avoid the creditor's lien)); *In re Bedford Square Assoc., L.P.*, 247 B.R. 140, 145 (Bankr. E.D. Penn. 2000) (stating that although the debtor has not commenced a § 544(a)(3) action, the fact that in all probability it could do so successfully is sufficient to establish that a "bona fide dispute" for purposes of § 363(f)(4) exists) (citing *In re Collins,* 180 B.R. at 452, n.7; *In re Octagon Roofing*, 123 B.R. at 590-592; *In re Oneida Lake Dev., Inc.*, 114 B.R. at 357-58; and *In re Millerburg*, 61 B.R 125, 127-128 (Bankr. E.D.N.C. 1986)).

Thus, although the trustee did not file an adversary proceeding seeking to avoid the liens in question, he may nevertheless sell free and clear of the bank's liens if he can show, pursuant to 11 U.S.C. § 544, an objective basis for avoiding the liens, and thus establish a bona fide dispute for purposes of 11 U.S.C. § 363(f)(4).

## PERFECTION OF THE LIENS

Not only has the trustee established an objective basis for avoidance, we agree with the bankruptcy court that the trustee can avoid the liens because the bank failed to perfect its liens on the two motor vehicles. The liens on the motor vehicles should have been perfected in accordance with the provisions of former Mo. Stat. Chapter 301. Pursuant to this statute, a lien on a motor vehicle is perfected, with certain exceptions, when an application for a certificate of ownership is delivered to the director of revenue. Mo. Stat. § 301.600(2) provides:

> A lien or encumbrance on a motor vehicle or trailer is perfected by the delivery to the director of revenue of the

> existing certificate of ownership, if any, an application for a certificate of ownership containing the name and address of the lienholder and the date of his security agreement, and the required certificate of ownership fee. It is perfected as of the time of its creation if the delivery of the aforesaid to the director of revenue is completed within thirty days thereafter, otherwise as of the time of delivery.

Mo. Stat. § 301.600(2); *In re Westfall*, 227 B.R. 734, 738 (Bankr. W.D. Mo. 1998). Uniform Commercial Code filing requirements are not applicable to the perfection of liens on motor vehicles. *Farmers & Merchants Bank v. Borg-Warner Acceptance Corp.*, 665 S.W.2d 636 (Mo. App. 1983). Lest there be any doubt, the statute later states:

> The method provided in sections 301.600 to 301.660 of perfecting and giving notice of liens and encumbrances subject to sections 301.600 to 301.660 is <u>exclusive</u>.

Mo. Stat. § 301.650(2) (emphasis added.)

The bank's argument that, because the motor vehicles were also equipment, it had the alternative of perfecting under UCC provisions is unavailing in the face of the statute's use of the word "exclusive." The bank did not follow the procedure set forth in Mo. Stat. § 301.600(2). Instead, it filed financing statements. However, the filing provisions of the Missouri Uniform Commercial Code have no application to motor vehicles and perfection of liens therein. Mo. Stat. § 301.650(2); *In re Jackson*, 268 F. Supp. 434, 437 (E.D. Mo. 1967).

# APPLICATION OF 11 U.S.C. § 544

The bankruptcy trustee has, as of the commencement of the case, the rights and powers of a hypothetical judicial lien creditor.  Section 544(a)(1) provides:

> (a)    The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by-
>
> (1)    a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

11 U.S.C § 544(a)(1). Thus, the trustee is deemed to have a lien on all property of the debtor. The trustee's hypothetical lien is superior to any unperfected lien. *Rouse v. Chase Manhattan Bank, U.S.A., N.A. (In re Brown)*, 226 B.R. 39, 45 (W.D. Mo. 1998). Under § 544, the trustee has the power to avoid any lien that is unperfected on the date the petition is filed. *Nelson v. Smith (In re Smith)*, 245 B.R. 625, 629 (Bankr. W.D. Mo. 2000).  Contrary to assertions by the bank, the statute makes the trustee's knowledge of the existence of the lien irrelevant.

Because the bank did not perfect its liens on the 1984 Mack Tractor and the 1986 Timpte Trailer, the trustee's hypothetical lien becomes superior to the unperfected liens of Union Planters Bank. Consequently, the trustee may avoid the bank's liens.

ADEQUATE PROTECTION UNDER 11 U.S.C. § 363(e)


Ordinarily, when the trustee proposes to sell property free and clear of an interest in property, the bankruptcy court grants a replacement lien in the proceeds of the sale as a condition of the sale. That is because § 363(e) provides:

> Notwithstanding any other provision of this section, at any time, on *request of an entity that has an interest in property* used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest...

11 U.S.C. § 363(e) (emphasis added). However, the court becomes involved only if an entity having an interest in the property requests that the use be conditioned on sufficient adequate protection. *Armstrong v. Norwest Bank Minnesota, N.A. (In re Trout)*, 123 B.R. 333, 337 (Bankr. D. N.D. 1990). Thus, it is incumbent on a creditor who claims a lien on property being sold to request a replacement lien or some other form of adequate protection.


In this case, the record does not indicate that the bank made a request for adequate protection pursuant to §363(e), nor has it raised this issue on appeal. "A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." *Coney v. Union Pacific R.R.*, 136 F.3d 1195, 1196 (8th Cir. 1998) (quoting *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1995)).

SANCTIONS

The trustee has made a motion for sanctions pursuant to Rule 8020, which provides:

> If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

Fed. R. Bankr. P. 8020.

After a careful review of the record and consideration of all of the appellant's arguments, we conclude that this appeal is frivolous and sanctions are warranted. We think the result of the appeal is obvious and the arguments advanced are wholly without merit. *See, Newhouse v. McCormick & Co., Inc.*, 130 F.3d 302, 305 (8th Cir. 1997) (interpreting analogous Fed. R. App. P. 38). We consider the bank's argument regarding perfection to be frivolous in face of the statute's specific mandate that one particular method is exclusive. Similarly, the bank's argument that the trustee should not be able to avoid its security interest because he had actual knowledge is frivolous in light of § 544(a)(1)'s proviso that avoidability is "without regard to any knowledge of the trustee." The bank has pointed to no statute or statutory construction or case whose application in the bank's favor is anything other than frivolous.

As a result of this frivolous appeal, the trustee has incurred attorney's fees and expenses for defending this appeal, which include preparing and filing a brief and traveling from Cape Girardeau to St. Louis for oral argument. These are all expenses

9

which will be treated as administrative expenses in the case and thus reduce the distribution to creditors. We thus assess damages against the bank and in favor of the trustee in the amount of $2,500.00.

CONCLUSION

Because the bank did not comply with Mo. Stat. § 301.600(2), its lien was unperfected. Because the lien was unperfected, the trustee could avoid it under § 544(a)(1). Because the lien was avoidable, it was the subject of a bona fide dispute. Because the lien was the subject of a bona fide dispute, the trustee was entitled to sell the property free of the lien. We therefore affirm the bankruptcy court's order granting the trustee's motion and award the appellee $2,500.00 in damages.