**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: GLOBAL REACH INVESTMENT
CORP.,

               Debtor,

_____

HERMAN KWAI,

               Appellant,

   v.

ANDREA A. WIRUM, Trustee,

               Appellee.

No. 12-60028

BAP No. 11-1187

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Dunn, and Saltzman, Bankruptcy Judges, Presiding

Argued and Submitted April 8, 2014
San Francisco, California

_____

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BENAVIDES,** TALLMAN, and CLIFTON, Circuit Judges.

Herman Kwai appeals the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's order authorizing the sale of the debtor's interest in the stock of Starble International, Ltd. We review the decision of the bankruptcy court independently, *In re Kimura*, 969 F.2d 806, 810 (9th Cir. 1992), and affirm.

1.    The bankruptcy court and BAP correctly found that the Trustee was permitted to sell the debtor's interest in the stock under 11 U.S.C. § 363(b). This case is distinguishable from *In re Popp*, 323 B.R. 260 (B.A.P. 9th Cir. 2005), because the debtor never disclosed any dispute over the stock ownership until the Trustee attempted to sell the stock.

2.    The bankruptcy court and BAP were also correct that the purchaser, the designee of Burlingame Investment Corporation, was a good-faith purchaser under 11 U.S.C. § 363(m). Kwai does not allege any "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992) (internal quotation marks omitted). Nor is there an adverse claim to the property

**       The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

2

that was sold, as Kwai claims, because the Trustee sold only whatever interest Global Reach owned.

3.    The bankruptcy court did not err in denying Kwai's motion for reconsideration on the ground that the court failed to protect Kwai's interest in the Starble stock. *See* 11 U.S.C. § 363(e). Kwai did not allege any grounds for relief under Rule 60(b). *See* Fed. R. Bankr. P. R. 9024; *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). And, as Kwai conceded to the bankruptcy court, Kwai's claim for indemnification will not be destroyed if Global Reach's interest in Starble is sold.

4.    The BAP was correct that, because BIC's designee was a good-faith purchaser under § 363(m), and Kwai did not obtain a stay of the sale pending appeal, Kwai may not challenge the price for which Global Reach's interest in the stock was sold. *See* 11 U.S.C. § 363(m); *In re R.B.B., Inc.*, 211 F.3d 475, 478–80 (9th Cir. 2000).

Kwai's motion for judicial notice, filed on December 5, 2012, is granted.

**AFFIRMED.**

3