**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In the Matter of:  NOVEMBER 2005
LAND INVESTORS, LLC,

Debtor,

_____

WILMINGTON TRUST, NATIONAL
ASSOCIATION,

Plaintiff - Appellee,

v.

BOH PARK HIGHLANDS NV, L.P.,

Defendant - Appellant.

No. 14-15272

D.C. No. 2:13 cv-00639- PMP-
(CWH)

MEMORANDUM*

In re: NOVEMBER 2005 LAND
INVESTORS, LLC,

Debtor,

_____

BOH PARK HIGHLANDS NV, L.P.,

Plaintiff - Appellant,

No. 14-15273

D.C. No. 2:13 cv-01204- PMP-
(CWH)

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

v.

WILMINGTON TRUST, NATIONAL
ASSOCIATION,

Defendant - Appellee.

Appeals from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted February 10, 2016[**]
San Francisco, California

Before: TASHIMA and W. FLETCHER, Circuit Judges and
GETTLEMAN,[***] Senior District Judge.

Appellant BOH Park Highlands NV, L.P. ("BOH") and Appellee

Wilmington Trust, National Association ("Wilmington") dispute the value of

BOH's interest in the proceeds from the sale of a property in bankruptcy court.

BOH argues that the contract between the parties – the Conditional Repayment and

Funding Agreement ("CRFA") – entitles it to approximately $4.9 million of the

proceeds. BOH also argues that 11 U.S.C. § 363(e) entitles it to adequate

protection of its interest in the property, which the bankruptcy court failed to

---

[**] The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***] The Honorable Robert W. Gettleman, Senior United States District
Judge for the Northern District of Illinois, sitting by designation.

provide. Wilmington responds that the CRFA only creates a contingent interest. Because BOH's right to payment was not triggered by the sale of the property, BOH's contingent interest under the CRFA is worthless. The bankruptcy court and district court both agreed with Wilmington, granting summary judgment in its favor. We have jurisdiction under 28 U.S.C. § 158(d)(1) and we affirm.

## I.

"We review de novo the district court's decision on an appeal from a bankruptcy court." *Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008) (citing *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005)). We also review de novo a bankruptcy court's grant of summary judgment. *Id.* A court should grant summary judgment "if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)).

Section 363 of the Bankruptcy Code governs the "use, sale, or lease" of the bankruptcy estate's property. 11 U.S.C. § 363. Section 363(f) authorizes the sale of a property by the bankruptcy court "free and clear of any interest in such property of an entity other than the estate, only if . . . (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable

3

proceeding, to accept a money satisfaction of such interest." *Id.* Here, the parties agree that the property was sold free and clear of BOH's disputed interest pursuant to § 363(f)(4) and/or § 363(f)(5).

In a hearing regarding a § 363(f) free-and-clear sale, § 363(p) provides that "the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest." 11 U.S.C. § 363(p)(2). To satisfy this burden, the party asserting the interest must prove two things: "First, as a preliminary matter, the party must prove that it holds a perfected security interest in post-petition revenues to which its liens still rightly attach. Second, a party must prove the amount of money to which its liens attach." *Chequers Inv. Assocs. v. Hotel Sierra Vista Ltd. P'ship (In re Hotel Sierra Vista Ltd. P'ship)*, 112 F.3d 429, 434 (9th Cir. 1997) (citations omitted). Accordingly, it is BOH's burden to prove the value of its interest.

The parties agree that the CRFA defines the value of BOH's interest, but differ as to how the contract should be interpreted. Under Section 1 of the CRFA, BOH is entitled to $4.9 million in Builder Excess Funding only in the event that a lender "exercises remedies" (*i.e.* initiates a foreclosure) and elects to buy out BOH through payment of the Builder Excess Funding. The parties agree that Section 1

4

was not triggered by the § 363(f) sale and that BOH thus is not entitled to payment of the Builder Excess Funding under this provision.

Sections 2–26 plainly do not grant BOH any additional affirmative right to the Builder Excess Funding, beyond what Section 1 provides. The only remaining section in the CRFA is Section 27, which states:

> This Agreement shall automatically terminate and be of no further force and effect upon the earlier of (i) the date that the Builder Excess Funding equals zero . . . (ii) the making of an Assumption Election by any applicable Successors pursuant to Section 1.a of this Agreement and (iii) the payment to Builder of the Builder Excess Funding.

BOH argues that, once the bankruptcy court sold the property, Section 27(iii) *required* payment of the Builder Excess Funding to satisfy the CRFA.

A fair reading of Section 27 does not support BOH's position. Section 27 specifies conditions under which the CRFA will terminate. Yet defining when the CRFA will expire is not the same as creating an independent right to payment. Section 27(iii) states only that the CRFA *will* terminate upon payment of the Builder Excess Funding to BOH, if such payment is made before (i) the Builder Excess Funding equals zero, and (ii) a Successor makes an Assumption Election under Section 1.a. It does not logically follow that payment of the Builder Excess Funding to BOH is the *only* way to terminate the CRFA. Moreover, how the CRFA terminates is irrelevant if the CRFA can only be enforced once a lienholder

5

invokes its rights under Section 1. Because Section 27 does not create any alternative mechanism for the CRFA's enforcement, it cannot grant BOH a right to payment independent of Section 1.

Thus, once the bankruptcy court sold the property pursuant to § 363(f), Section 1 could no longer be triggered and the CRFA no longer had any legal effect. As a contingent interest that expired upon the sale of the property, the CRFA has no value to BOH.

BOH suggests that even if Section 27(iii) does not entitle it to the Builder Excess Funding, the CRFA may still have some independent value as a contingent property interest. However, BOH offers no method of valuation to define its interest and the record does not otherwise indicate what the value of that contingent interest might be. BOH has not met its burden; thus, we conclude that its contingent interest has no value. 11 U.S.C. § 363(p)(2); *In re Hotel Sierra Vista Ltd. P'ship*, 112 F.3d at 434.

## II.

Section 363(e) protects contested interests in the bankruptcy estate by requiring that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary

6

to provide adequate protection of such interest." 11 U.S.C. § 363(e). This protection is specifically intended to guard against a situation where a sale under § 363(f) "results in a decrease in the value of such entity's interest in such property." 11 U.S.C. § 361(1). "Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of the sale." H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 345 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 56 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6302; *see also Austein v. Schwartz (In re Gerwer)*, 898 F.2d 730, 733 (9th Cir. 1990). That is exactly what the bankruptcy court did in the instant case. As the district court noted, "the bankruptcy court provided adequate protection for BOH's interest through approval of the parties' stipulation regarding the sale. The stipulation provided that the maximum amount of BOH's interest would be withheld from the proceeds of the sale, and the parties' interests would attach to the proceeds to the same extent and with the same priority as they had with respect to the property."

BOH argues that § 363(e) of the Bankruptcy Code goes further, affirmatively requiring the bankruptcy court to award it the $4.9 million in Builder Excess Funding because the property's sale extinguished BOH's contingent interest. BOH is mistaken. Section 363(e) only requires the bankruptcy court to

7

ensure that the interest-holder receives the value of its bargained-for interest in the estate. *Crocker Nat'l Bank v. Am. Mariner Indus., Inc. (In re Am. Mariner Indus., Inc.)*, 734 F.2d 426, 431 (9th Cir. 1984), *overruled on other grounds by United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365 (1988). As explained above, the CRFA created a contingent interest in BOH. That interest failed to ripen before the property was sold and BOH proposed no other means of valuing it. The contingent interest was therefore worthless. Accordingly, §363(e) only required that the bankruptcy court preserve the disputed amount, pending a determination of the CRFA's value. Having done so, the bankruptcy court met its statutory obligations.

## III.

BOH has no right to payment in any amount under the CRFA. BOH has not established the value of its interest in the property. We affirm the bankruptcy court's grant of summary judgment to appellee Wilmington Trust.

**AFFIRMED.**