FILED

NOV 7 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ALICIA MARIE RICHARDS,<br>　　　　　　Debtor. | BAP Nos. CC-21-1262-SGL<br>CC-21-1266-SGL |
| ALICIA MARIE RICHARDS;<br>LAWRENCE REMSEN,<br>　　　　　　Appellants,<br>v.<br>RICHARD A MARSHACK, Chapter 7<br>Trustee; RYAL W. RICHARDS,<br>　　　　　　Appellees. | Bk. No. 8:21-bk-10635-ES<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Erithe A. Smith, Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Alicia Richards jointly owned her Newport Beach residence with her

former husband Ryal Richards ("Residence").[1] For the past several years

she has challenged the sale of the Residence to which she previously

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] We refer to Alicia and Ryal by their first names for ease of reference and to avoid confusion. No disrespect is intended.

stipulated, and the family court ordered, in her divorce proceedings. After losing several state court appeals, she filed her bankruptcy case hoping to forestall the sale. When the chapter 7[2] trustee moved to sell the Residence, she unsuccessfully objected to the bankruptcy sale. She raised numerous arguments and asserted that she and her father, Lawrence Remsen, were nonconsenting secured creditors. Remsen filed a separate objection to the sale. They appeal from the bankruptcy court's order authorizing the trustee to sell the Residence ("Sale Order") over their objections.

This Panel has limited the scope of the appeals to the sale of the Residence free and clear of Remsen's and Alicia's alleged liens. As we previously have ruled, all other aspects of their joint appeals have been rendered moot pursuant to § 363(m). Because appellants' arguments are meritless, we AFFIRM.

## FACTS[3]

### A. The divorce proceedings.

In 2015, Ryal commenced divorce proceedings in the Orange County Superior Court. At that time, Alicia and Ryal owned the Residence as husband and wife in joint tenancy. The parties entered into a stipulation giving Alicia several weeks to refinance the Residence and buy out Ryal's

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

community property interest. If she was unable or unwilling, the stipulation required the sale of the Residence and for Alicia and Ryal to split the proceeds. The court entered its dissolution judgment based in part on the stipulation.

Alicia was unable to buyout Ryal's interest, but she also failed to cooperate with the required sale. She instead moved to set aside the stipulation claiming fraud and duress. The family court denied the motion, and the Court of Appeal affirmed. *In re Marriage of Richards*, Case No. G055927, 2020 WL 104357, at *9-13 (Cal. Ct. App. Jan. 9, 2020). The Court of Appeal noted that the Residence was community property and needed to be equitably divided between Alicia and Ryal.

Alicia never appealed the dissolution judgment. But she did file several appeals from post-judgment orders aimed at enforcing the dissolution judgment and the required sale of the Residence. None of her appeals were successful in overturning either the dissolution judgment or the required sale. As the Court of Appeal noted in its decision disposing of Alicia's fifth appeal, "[c]ontrary to Wife's contention on appeal, the former couple's respective rights concerning the Property were determined long ago by the final marital dissolution judgment." *In re Marriage of Richards*, Case No. G057803, 2020 WL 5902889, at *5 (Cal. Ct. App. Oct. 6, 2020).

## B. The bankruptcy and the trustee's motion to sell the Residence.

In the midst of her efforts to derail the sale of the Residence required under the dissolution judgment, Alicia filed a voluntary chapter 7

3

bankruptcy petition. Richard Marshack was appointed to serve as chapter 7 trustee.

Alicia scheduled the Residence as an asset and identified it as "community property." Until Marshack moved to sell the Residence, she treated it as estate property. Indeed, she opposed Ryal's motion for relief from stay to enforce the dissolution judgment on the basis that she owned the Residence and that it was "property of [her] estate that is being administered by the Trustee." The bankruptcy court agreed and found that the Residence was "property of the bankruptcy estate under the exclusive control of the chapter 7 trustee who has exclusive authority to sell the property, subject to any community property interest of Movant." No one appealed from the relief from stay order.

Marshack moved to sell the Residence, subject to overbids, to a third-party purchaser for $1,662,500 free and clear of all liens and other interests. Marshack attached to his motion a preliminary title report showing that Alicia and Ryal held the title to the property.

Marshack proposed to pay all real property tax liens, and all undisputed, perfected, and consensual liens upon closing. All remaining proceeds were to be held pending a determination of the validity, priority and extent of all judgment liens, IRS tax liens, and disputed liens. Marshack proposed to sell the Residence free and clear of liens under § 363(f)(4) to the extent there existed some "objective basis for dispute" regarding the specific liens. Marshack alternately argued that the sale was

4

authorized by § 363(f)(3) because all affected interests in the property were liens and the sale price was significantly more than the aggregate value of all liens against the property. Marshack included as disputed secured claims an unrecorded lien for support filed by Alicia and an unrecorded deed of trust filed by the Remsen Family Trust. But even with these claims, the $1,662,500 sale price was substantially more than the $1,223,514.80 aggregate value of these liens.

The motion also requested a finding that the proposed purchaser qualified as a good faith purchaser for purposes of § 363(m).

Alicia opposed the sale motion on numerous grounds. She argued the proposed sale price was inadequate and Marshack had insufficiently marketed the Residence. She contended that the sale could not be approved without her consent, as well as the consent from her minor daughter, Remsen, the Remsen Family Trust, and the Estate of Greg Remsen. Alicia also argued that the proposed purchaser was not a good faith purchaser.

Remsen separately opposed the sale motion. He stated that he had not received notice of the sale.[4] He also asserted for the first time that he was a secured creditor for $1,500,000 "by right of contract," that preempted other claims. Previously, Remsen had filed a proof of claim for $1,750,000 as an unsecured debt arising from a prepetition "Contractual Agreement"

---

[4] Remsen is incarcerated following a murder conviction. He claims he never received written notice of the sale from Marshack but learned of the sale motion from Alicia. Allegedly one day after learning of the sale motion, he signed and caused to be mailed his written opposition.

with Alicia. He also argued that the family court had deprived him and Alicia of their substantive due process and equal protection rights by not following California law.

At the hearing on the sale motion, at which Alicia argued at length, the court overruled the objections. Marshack then auctioned the Residence, selling it to a third party based on a successful bid of $2,200,000. After questioning the successful bidder under oath, the court ruled that the buyer qualified as good faith purchaser under § 363(m). The bankruptcy court entered its Sale Order on November 29, 2021, and a slightly amended Sale Order a day later. Alicia and Remsen objected to the form of the Sale Order, but the court specifically overruled their objections.

## C. The appeals and the determination that the appeals of the sale are moot under § 363(m).

Alicia and Remsen timely appealed. On June 29, 2022, this panel issued an order denying Marshack's motion to dismiss these appeals as moot but held that under § 363(m) the sale could not be unwound because the Residence was sold to a good faith purchaser. Under such circumstances, we observed, relief only could be granted to the extent appellants challenged the portion of the Sale Order selling free and clear of liens under § 363(f). *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 35-37 (9th Cir. BAP 2008). We also denied appellants' motion for reconsideration. The appellants have not timely and meaningfully

challenged the good faith of the purchaser on appeal.[5] Thus, our June 29, 2021 order limits our consideration to any jurisdictional issues and the bankruptcy court's application of § 363(f) to authorize the sale free and clear of liens. *See id.*

## JURISDICTION

Subject to our jurisdictional discussion below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Is the bankruptcy court's sale order void for lack of jurisdiction?

2. Did the bankruptcy court abuse its discretion when it authorized Marshack to sell the Residence free and clear of liens under § 363(f)(3) and (f)(4)?

## STANDARDS OF REVIEW

We review the bankruptcy court's subject matter jurisdiction de novo. *Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Ass'n)*, 439 F.3d 545, 547 (9th Cir. 2006).

We review for an abuse of discretion the bankruptcy court's sale order. *See In re PW, LLC*, 391 B.R. at 32. The bankruptcy court abused its discretion if it applied an incorrect legal rule or its factual findings were

---

[5] Appellants did not address this issue in their opening brief. Accordingly, they have forfeited it. *See Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487–88 (9th Cir. 2010); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010).

illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

**A.    Appellants' jurisdictional argument does not justify reversal.**

Alicia and Remsen challenge the bankruptcy court's jurisdiction to approve the sale of the Residence. They argue that the bankruptcy court lacked subject matter jurisdiction to sell the Residence because it was not property of the estate. They contend that the bankruptcy court did not have jurisdiction over the Residence because the family court retained continuing jurisdiction and because they continue to dispute title to the property.

The family court's dissolution judgment fully and finally decided that the Residence was community property. "[U]ntil division, all community property of the divorcing couple is property of the bankruptcy estate pursuant to § 541(a)(2)." *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998). The bankruptcy court has **exclusive** jurisdiction over all estate property, 28 U.S.C. § 1334(e)(1), and the trustee has both the authority and the duty to administer that property, § 704(a)(1). In furtherance of this duty, § 363(b)(1) enables the trustee to sell estate property outside the ordinary course of business, *Pinnacle Rest. at Big Sky, LLC v. CH SP Acquisitions, LLC (In re Spanish Peaks Holdings II, LLC)*, 872 F.3d 892, 897 (9th Cir. 2017), and § 363(f) authorizes him to sell property

8

free and clear of interests, including liens, *see In re PW, LLC*, 391 B.R. at 37.

The Court of Appeal has affirmed the dissolution judgment and the community property nature of the Residence. While appellants want to set aside these decisions, the bankruptcy court is bound by those decisions. Alicia has made arguments attacking the dissolution judgment multiple times in state court, and the California Court of Appeal has repeatedly rejected them. *See, e.g., In re Marriage of Richards*, 2020 WL 104357, at *9-13; *In re Marriage of Richards*, 2020 WL 5902889, at *5. Appellants seem to believe that so long as they continuously filed motions and actions collaterally attacking the dissolution judgment, no sale of the Residence could occur. They are simply incorrect; their disagreement with the California courts' final decisions does not create a genuine dispute as to ownership. In the absence of jurisdictional defects, the family court's dissolution judgment is final and binding in the state courts, *see People v. Am. Contractors Indem. Co.*, 33 Cal. 4th 653, 661 (2004), and similarly is binding on this Panel, see 28 U.S.C. § 1738.[6]

---

[6] Appellants point to the fact that the dissolution judgment provided for the family court to retain jurisdiction to enforce the required sale of the Residence. They claim that this retention of jurisdiction deprived the bankruptcy court of jurisdiction to sell the Residence. It did not. *See* 28 U.S.C. § 1334(e)(1) (granting the bankruptcy court exclusive jurisdiction over all estate property). They also claim that their position is supported by *Keller v. Keller (In re Keller)*, 185 B.R. 796 (9th Cir. BAP 1995). They are incorrect. *Keller* concerned the spouses' separate property interests in proceeds from a community property residence sold prepetition. Here, in contrast, the asset in question is the community property Residence itself, which was not sold before Alicia filed bankruptcy.

Appellants rely heavily on *Darby v. Zimmerman (In re Popp)*, 323 B.R. 260, 270–71 (9th Cir. BAP 2005), and *Warnick v. Yassian (In re Rodeo Canon Development Corp.*), 362 F.3d 603 (9th Cir. 2004), *opinion withdrawn and superseded*, 126 F. App'x 353 (9th Cir. 2005). However, the bankruptcy sales before those courts were found to have been improperly authorized under § 363(b)(1) because of **pending** adversary proceedings challenging the estate's interest (if any) in the subject property. Both cases involved **genuine** disputes concerning the estate's ownership of the property. Here, there is no such genuine dispute. Additionally, neither *Popp* nor *Rodeo Canon* support the proposition that the bankruptcy court lacks subject matter jurisdiction in the face of a genuine title dispute. Both decisions specifically declined to unwind the respective bankruptcy sales. *See In re Rodeo Canon Dev. Corp.*, 362 F.3d at 610; *In re Popp*, 323 B.R. at 272.

Until Marshack filed his sale motion, Alicia recognized that the Residence was community property and, therefore, property of the bankruptcy estate. Indeed, she relied on the estate's interest in the Residence to stave off Ryal's efforts to obtain relief from stay. Furthermore, the preliminary title report Marshack presented with his sale motion showed that Alicia and Ryal jointly held title to the Residence. In any event, Alicia argues that she owns the entirety of the Residence because Ryal prevented her from refinancing the debts. Success on this argument would vest the estate with all the interest in the Residence rather than a

community property interest.

When as here there is no factual support offered for allegations challenging the estate's ownership of property subject to a sale motion, such spurious allegations cannot be permitted to undermine the bankruptcy trustee's efforts to administer estate assets. *See, e.g.*, *In re Grubb & Ellis Co.*, Case No. 12-10685 MG, 2012 WL 1036071, at *5-8 (Bankr. S.D.N.Y. Mar. 27, 2012) (overruling sale objection because objector "failed to provide any evidence" establishing the existence of alleged competing ownership interest), *aff'd*, 523 B.R. 423 (S.D.N.Y. 2014); *In re Conrad*, Case No. 10-08505-PB7, 2012 WL 1744741, at *2–3 (Bankr. S.D. Cal. Apr. 27, 2012) (same); s*ee also Kwai v. Wirum (In re Glob. Reach Inv. Corp.)*, 570 F. App'x 723 (9th Cir. 2014) (distinguishing *Popp* because neither the debtor nor its sole shareholder who opposed the bankruptcy sale "disclosed any dispute over the stock ownership until the Trustee attempted to sell the stock.").

In sum, appellants' argument that the sale order was void because the Residence was not estate property or because the family court retained jurisdiction over the Residence is both factually and legally meritless.

**B.     The bankruptcy court did not abuse its discretion when it authorized Marshack to sell the residence free and clear of liens.**

Appellants also contest the bankruptcy court's ruling that Marshack was authorized to sell the Residence free of all liens, with the liens to attach to the sale proceeds. According to the bankruptcy court, § 363(f)(3) and (4) supported the sale free and clear. Under § 363(f)(3), the trustee may sell

free and clear of liens when "the price at which such property is to be sold is greater than the aggregate value of all liens on such property." *In re PW, LLC*, 391 B.R. at 39. In turn, the trustee may sell free and clear of a lien or other competing property interest under § 363(f)(4) when that interest is subject to bona fide dispute. *See Union Planters Bank, N.A. v. Burns (In re Gaylord Grain L.L.C.)*, 306 B.R. 624, 627 (8th Cir. BAP 2004). Such interest is subject to bona fide dispute when, "there is an objective basis for either a factual or legal dispute" regarding the lien's validity. *Id.* at 627 (quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir.1987)); *accord*, *In re Kellogg-Taxe*, Case No. 2:12-bk-51208-RN, 2014 WL 1016045, at *6 (Bankr. C.D. Cal. Mar. 17, 2014).

In challenging the court's order authorizing sale free and clear, appellants focus on three alleged liens: (1) Remsen's purported $1,750,000 lien supposedly arising from the "Contractual Agreement" between him and Alicia; (2) the Remsen Trust's unrecorded deed of trust securing a principal amount of $235,280.88; and (3) Alicia's recorded abstract of support judgment. According to appellants, § 363(f)(3) and (4) do not permit a sale free and clear of these liens.

Appellants are incorrect. The record amply supports the conclusion that all three liens were subject to bona fide dispute. Remsen's alleged lien was not genuinely supported by any documentation and conflicted with his earlier proofs of claim, signed under penalty of perjury, stating that his claim was unsecured. Remsen also failed to perfect his alleged lien. Remsen

never obtained an executed or recorded deed of trust securing any debt Alicia allegedly owed him. As such, his alleged lien (if it even existed) would have been subject to avoidance by Marshack under § 544(a)(3). The lien held by the Remsen Trust also was not recorded. As for Alicia's support abstract of judgment, she admitted in appellants' reply brief on appeal and at oral argument before this panel that her support abstract of judgment has been vacated by the family court. She claims to hold a second support abstract of judgment that has not been vacated. Alicia did not present this second abstract to the bankruptcy court as part of the sale proceedings or to this Panel on appeal. According to the trustee's title report, both support abstracts of judgment arise from the same judgment—entered on the same day. Thus, both appear to secure the same support judgment obligations; Alicia has not argued otherwise. Even if the duplicate abstract of judgment somehow remains valid, the sale has generated sufficient funds to satisfy that obligation in full.

On the record presented, both § 363(f)(3) and (f)(4) support the sale free and clear. Without Remsen's alleged $1,750,000 lien, the $2,200,000 sale price clearly was more than enough to satisfy all liens actually held against the Residence. And neither § 363(f)(3) nor (4) enable Remsen to challenge the sale free and clear without him presenting some material, competent evidence supporting his bare belated assertion that his claim was secured. § 363(p)(2); *Chequers Inv. Assocs. v. Hotel Sierra Vista Ltd. P'ship (Hotel Sierra Vista Ltd. P'ship)*, 112 F.3d 429, 434 (9th Cir. 1997) (objecting lienholder

13

opposing use of cash collateral); *see also Wilmington Tr., Nat'l Ass'n v. Boh Park Highlands NV, L.P (In re Nov. 2005 Land Invs., LLC)*, 636 F. App'x 723, 725-26 (9th Cir. 2016) (holding that contingent interest holder opposing § 363(f) sale free and clear failed to meet his burden to establish that his contingent interest had any value); *In re Conrad*, 2012 WL 1744741, at *2–3. The Contractual Agreement on which Remsen relies fails to set forth any specific debt, grant any encumbrance, and was never recorded. The bankruptcy court did not err in granting the motion to sell free and clear of whatever claims Remsen may assert under the Contractual Agreement.

**C.** **Appellants have not established that their due process rights were violated.**

Finally, appellants argue that Remsen was not given sufficient time and opportunity to oppose the sale motion. According to appellants, Marshack never served the sale motion on Remsen. They are incorrect. The certificate of service shows that the sale motion and notice of motion was properly mailed to both the Remsen Trust and Remsen individually. Moreover, Remsen had actual knowledge of the sale motion in time to file his objection to the motion, and the bankruptcy court was clear that it considered the opposition.

Appellants also claim that they needed more time and opportunity to present evidence. The court specifically overruled this argument, and the record supports the bankruptcy court's ruling. There is no evidence that any additional time or opportunity to present evidence would have

improved appellants' position. Remsen's alleged lienholder status was legally insupportable because the Contractual Agreement on which he relied to establish the alleged lien was insufficient as a matter of law to create such a lien. Subject to certain exceptions not relevant here, neither conveyances nor encumbrances of real property can be made under California law without a written instrument containing a grant transferring the property interest from the grantor to the grantee. *See* Cal. Civ. Code §§ 1091, 2922; *Swiss Bank Corp. v. Van Ness Assocs. (In re Van Ness Assocs.)*, 173 B.R. 661, 666 (Bankr. N.D. Cal. 1994); *see generally* 3 Miller & Starr, Cal. Real Est. § 8:3 (4th ed.) (describing prerequisites for a valid conveyance of real property). The Contractual Agreement on which Remsen relies contained no such grant transferring any property interest from Alicia to Remsen.

When as here the party asserting a violation of its due process rights was not prejudiced by the alleged due process violation, the alleged violation cannot constitute reversible error. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776 (9th Cir. 2008), *partially abrogated on other grounds as recognized in Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956, 962 (9th Cir. 2021).

## CONCLUSION

For the reasons set forth above, we AFFIRM.